FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 30, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SASHA JAIDYN KARSTEN,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>McDOUGALL & SONS,<br><br>　　　　Defendant. | No. 2:20-CV-00293-SAB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER** |

　　　Before the Court is Defendant's Motion for Protective Order from Plaintiff's Overbroad Discovery Requests, ECF No. 46. The motion was considered without oral argument. Plaintiff is represented by Jackson Pahlke and Meaghan Driscoll. Defendant is represented by Matthew Jedreski and Rebecca Shelton.

　　　Defendant requests that the Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c). ECF No. 46. Specifically, Defendant argues that three of Plaintiff's interrogatories—Interrogatories 7, 8, and 12—are overbroad, call for confidential information about non-party employees, and exceed the scope of discovery under Rule 26. Plaintiff in response argues that all of the requested discovery is relevant, not overbroad, and in fact only necessary due to Defendant's asserted affirmative defenses. ECF No. 50. For the reasons discussed below, the Court **denies** Defendant's motion.

//

**ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER # 1**

# Background

The following facts are taken from Plaintiff's First Amended Complaint, ECF No. 41.

Plaintiff Sasha Karsten ("Ms. Karsten") was an employee of Defendant McDougall & Sons, Inc. from 2012 to 2019. Ms. Karsten worked as a fruit segregator and pallet ticketer. At the time Defendant hired Ms. Karsten, she was known as Scott Jacobs and presented publicly with a male gender identity. Ms. Karsten knew from a young age that, although her assigned sex was male, she identified as female. In 2018, she was officially diagnosed with gender dysphoria and began gender affirming treatment.

In March 2019, Ms. Karsten legally changed her name and came out to her employer as transgender—thus, Defendant issued her a new work identification card and photo. However, she alleges that one of her direct supervisors, Guadensio Mendoza ("Supervisor Mendoza"), refused to call Ms. Karsten by her legal name, intentionally addressed her using male pronouns, and—in reference to Ms. Karsten's light make-up and hair extensions that were mostly covered by her baseball hat—told her "don't dress like that again."

Ms. Karsten states that she tried to report this gender discrimination to Defendant's human resources ("HR") department. But she alleges that, despite an HR employee saying that she would address the issue, Supervisor Mendoza and other employees continued to refuse to call Ms. Karsten by her legal name and gender pronouns. She also states that the retaliation and harassment only worsened after she tried to go to HR for a second time. Specifically, she alleges that Supervisor Mendoza tripled her workload and encouraged other employees, including new employees, to refer to Ms. Karsten as a man and ridicule her for being transgender. Ms. Karsten alleges that the retaliation and harassment escalated to a point where other employees routinely used derogatory slurs,

**ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER # 2**

physically and sexually assaulted her, and threatened that she either quit or be killed.

On July 18, 2019, Ms. Karsten asked Supervisor Mendoza what could be done about the sexual harassment she was experiencing. Ms. Karsten alleges that, in response, Supervisor Mendoza stated, "I do not want to deal with you anymore, get out[,] you're fired."

Ms. Karsten initially filed a *pro se* complaint in the U.S. District Court for the District of Oregon on May 7, 2020. ECF No. 1. On June 24, 2020, Defendant filed a Motion to Dismiss Based on Personal Jurisdiction, but argued that—in the alternative—the Oregon judge should transfer the case to the U.S. District Court for the Eastern District of Washington. ECF No. 13. On August 18, 2020, Magistrate Judge Youlee Yim You granted the motion to transfer the case to this Court. ECF No. 21.

In November 2020, attorneys Meaghan Driscoll and Jackson Pahlke entered notices of appearance on behalf of Ms. Karsten. ECF Nos. 34, 35. On December 4, 2020, Ms. Karsten filed her First Amended Complaint. ECF No. 41. On March 9, 2021, Defendant filed the present motion. ECF No. 46.

## Legal Standard

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery of any nonprivileged matter that is relevant to a party's claim or defense and is proportionate to the needs of their case. Fed. R. Civ. P. 26(b)(1). Evidence need not be admissible at trial to be discoverable. *Id.* For discovery purposes, relevance only requires that the materials sought are reasonably calculated to lead to the discovery of admissible evidence. *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978).

Rule 26 also provides the Court with authority to enter protective orders on a party's motion and forbid or limit discovery of certain evidence. Fed. R. Civ. P. 26(c)(1). The Court may, if supported by a finding of good cause, issue a

**ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER # 3**

protective order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. *Id.* The party seeking the protective order must show a specific prejudice or harm that will result if the protective order is not granted. *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011).

## Discussion

Defendant objects to three of Plaintiff's interrogatories, which read as follows:

> **INTERROGATORY NO 7: [and corresponding RFP NO 12]** Has McDougall & Sons ever been involved in a lawsuit or complaint, regardless of whether it was filed with the court system, involving any of its employees alleging harassment, discrimination, abuse, or retaliation within the workplace from 2010 to the present? If so, describe the facts surrounding the claim/suit, the names of the parties involved, as well as the court and cause number of each filed claim.
>
> **INTERROGATORY NO 8: [and corresponding RFP NO 13]** Has any private or governmental entity conducted an investigation into discrimination claims by McDougall & Sons employees since 2010? If so, state the date of the investigation, the name of the investigating entity, the names of the individual(s) making the allegations against McDougall & Sons, the nature of each such claim, complaint or allegation, the nature of the events leading up to the investigation, the outcome of any such investigation and what, if any, action was taken as a result of the investigation.
>
> **INTERROGATORY NO 12: [and corresponding RFP NO 19]** Please list and describe all reports and complaints made to Defendant related to employee concerns of harassment, intimidation, bullying, abuse, retaliation, and discrimination within the work place from 2015 through present. This request includes all reports made to Human Resources, formal and informal reports, any communications whether formal or informal including email and conversations, reports made to EEOC, the Human Rights Commission, and any other third-party entity.

ECF No. 46 at 4.

**ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER # 4**

      Defendant argues that Plaintiff's requests for information regarding its involvement with other complaints of discrimination and harassment that are unrelated to the type of discrimination Plaintiff alleges here—gender identity discrimination—are not relevant to this case. Specifically, Defendant argues that it has already provided information regarding (1) other claims of gender identity discrimination or retaliation at the company going back five years and (2) all complaints against the named individuals and decisionmakers in this case—thus, Defendant argues that Plaintiff's requested information beyond what has already been provided is overbroad. Defendant also argues that Plaintiff's request for information regarding "bullying," "intimidation," and "abuse" at the company is overly broad because these terms are not well-defined and would require Defendant to turn over too much irrelevant and confidential third-party information. Thus, Defendant requests that the Court issue a protective order for this requested discovery.

      Plaintiff argues that the requested information is neither irrelevant nor overbroad. ECF No. 50. Specifically, Plaintiff argues that many of her claims pertain to the retaliation she experienced after trying to report discrimination and harassment to Defendant—thus, Plaintiff argues that information regarding how Defendant investigated and handled other complaints of discrimination and harassment are highly relevant to her claims. Plaintiff also argues that one of the reasons for the requested discovery is Defendant's affirmative defenses, which include that Defendant had "an effective policy for reporting and resolving complaints of harassment, discrimination, and/or retaliation," which Plaintiff allegedly did not use; that Defendant took prompt action to correct any improper conduct by its employees; and that Defendant's "conduct did not create a foreseeable risk or danger to Plaintiff." Thus, Plaintiff argues that it would be "problematic" if Defendant could now prevent her from seeking discovery on these issues.

**ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER # 5**

The Court denies Defendant's motion. Plaintiff's First Amended Complaint asserts claims for a hostile work environment under Title VII and the Washington Law Against Discrimination, stating that an employer is liable for a hostile work environment created by its employees unless the employer takes adequate remedial measures to avoid liability. Additionally, Plaintiff argues that Defendant contributed to the hostile work environment by failing to take steps to address the harassment and discrimination she experienced, despite her numerous attempts to report to HR. Thus, the requested discovery seeking information regarding Defendant's past experiences with allegations of harassment and discrimination at the company is both relevant to Plaintiff's claims and proportionate to the needs of her case.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Protective Order from Plaintiff's Overbroad Discovery Requests, ECF No. 46, is **DENIED**.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to file this Order and provide copies to counsel.

**DATED** this 30th day of April 2021.



_____
Stanley A. Bastian
United States District Judge

**ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER # 6**